**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CANFORNAV INC.** § | | |
| *Petitioner* § | | |
| § | | |
| v. § | No. 3:25-mc-10 | |
| § | | |
| **SADOT LATAM LLC** § | | |
| *Respondent* § | | |
| § | | |

### CANFORNAV INC.'S VERIFIED PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD

Pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("the New York Convention"), Petitioner Canfornav Inc. ("Canfornav") petitions this Court for entry of a judgment:

(i) confirming, recognizing and enforcing a June 17, 2024 Award ("Award") rendered in the arbitration between Petitioner Canfornav and Respondent Sadot Latam LLC ("Sadot");

(ii) entering judgment in Canfornav's favor against Sadot in the amount of the Award with interest; and

(iii) granting Canfornav such relief as the Court deems just and proper.

### I.  INTRODUCTION

1. Canfornav has prevailed in an international arbitration against Sadot that was held in London, England on June 17, 2024, captioned "*In The Matter of The Arbitration Act 1996 and In The Matter of An Arbitration Between Canfornav Inc. and Sadot Latam LLC 'Chestnut' Charterparty Dated 15th September 2023*" (the "Arbitration").

2      A sole arbitrator issued an Award in Canfornav's favor that is final and enforceable under the New York Convention.

3      The United States is a party to the New York Convention and implemented it pursuant to Chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. §§ 201 *et seq*.

4      In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

5.     The grounds specified in the New York Convention for refusing the recognition or enforcement of an arbitration award are extremely limited, and no ground barring enforcement exists here.

6.     Accordingly, Canfornav is entitled to entry of a judgment as requested.

## II.   PARTIES

7.     Canfornav is a corporation organized in Barbados and its principal place of business located at 800 Boul Rene-Levesque O Montreal, QC H3B 1X9.

8.     Sadot is a Delaware limited liability company, which, upon information and belief, maintains a principal place of business located at 1169 N. Burleson Blvd. Ste 107-226, Burleson, Texas 76028. Sadot may be served with process of this Petition by serving its registered agent for service, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

## III.  JURISDICTION AND VENUE

9.     The Award is governed by the New York Convention as this is an action to enforce an arbitral award rendered in the United Kingdom of Great Britain and Northern Ireland (a New York Convention contracting state) and because the United States is also a contracting state to the

New York Convention. An arbitral award arising out of a commercial legal relationship falls under the New York Convention where the relationship is not entirely between citizens of the United States. 9 U.S.C. § 202. The arbitral award at issue arises out of a commercial legal relationship in the form of a charterparty agreement[1] between Canfornav, a non-U.S. citizen, and Sadot, a citizen of the United States as set forth above. Therefore, this Court has original jurisdiction over this matter under 9 U.S.C. § 203, regardless of the amount in controversy.

10. In an action to confirm a foreign arbitration award, venue is proper in "any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought . . . ." 9 U.S.C. § 204. In this case, but for the arbitration agreement, the case could have been brought in this Court. *See Devon Energy Prod. Co., L.P. v. GlobalSantaFe South Am.,* 2007 WL 1341451, at *2 (S.D. Tex. May 4, 2007) ("venue in admiralty cases is proper in any court with personal jurisdiction over the defendant."). Venue is proper in this district, because Sadot's principal place of business is located in Burleson, Texas.

## IV. THE ARBITRATION

11. Canfornav and Sadot entered into a North American Grain Charterparty Agreement ("Charterparty Agreement") in September 2023 to carry a cargo of bulk corn from Toledo, Ohio to one safe berth Barranquilla, Colombia. A true and correct copy of the Charterparty Agreement is attached hereto as Exhibit A.

12. Sadot breached the agreement and Canfornav initiated arbitration under the rules of the London Maritime Arbitrators Association (the "LMAA"), as required by Clause 72 of the Charterparty Agreement.

---

[1] Canfornav and Sadot had a commercial legal relationship because they were parties to a charter party agreement, a maritime contract within the meaning of 9 U.S.C. § 2. 9 U.S.C. § 202.

13. Pursuant to the LMAA rules, Canfornav appointed Mark Hamsher as arbitrator. Sadot failed to appoint an arbitrator. Therefore, in accordance with Clause 10 of the LMAA, Mark Hamsher was appointed as sole arbitrator.

## V.    THE AWARD

14. On June 17, 2024, the arbitrator issued an award in favor of Canfornav (the "Award"). The Award provides as follows:

   A. Canfornav's claim in the amount of US$56,293.89 succeeds in full;

   B. Sadot shall pay to Canfornav US$56,293.89 (fifty-six thousand, two hundred and ninety-three United States dollars and eighty-nine cents) together with compound interest thereon at the rate of 5.5% per annum compounded at three monthly rests from March 5, 2024 until the date of payment;

   C. Sadot shall bear their own and the Canfornav's costs of the reference, the latter, if not agreed, to be assessed in award of costs;

   D. Sadot shall bear the costs of the final award in the amount of £4,000.00 provided that if, in the first instance, Canfornav shall have borne any part of the said costs of the final award, Canfornav shall be entitled to immediate reimbursement by the Sadot of the sum so paid.

   E. Canfornav shall be entitled to compound interest at the rate of 5.5% per annum compounded at three monthly rests on any sums payable to them under paragraphs C and D above from June 17, 2024 until the date of payment in respect of sums due under paragraph C and from the date of payment until the date of reimbursement in respect of sums due under paragraph D.

A true and correct copy of the Award is attached hereto as Exhibit B.

15. The arbitrator held that the Award was his final award and Canfornav's claim "succeeds in full." (*See* Ex. B. at ¶ 24(A)).

16. Under Rule 27 of the LMAA 2021 Terms, "[i]f any award has not been paid for and collected within one month of the date of publication, the tribunal may give written notice to

any party requiring payment of the costs of the award, whereupon such party shall be obliged to pay for and collect the award within 14 days." The payments required by the Award were due to be paid on or before July 17, 2024. However, no payment was received on that date, and all of the amounts are still outstanding.

17. This Petition seeks confirmation, recognition and enforcement of the Award by this Court.

### VI. PETITION TO CONFIRM THE AWARD

18. Canfornav now moves this Court to confirm the Award. The Award is final, binding, and subject to enforcement by this Court. *See, e.g., Kora Pack Priv. Ltd. v. Motivating Graphics LLC,* 684 F. Supp. 3d 536, 544 (N.D. Tex. 2023) ("[u]nder the [New York Convention], a recipient of a foreign arbitral award may seek confirmation and enforcement of the award in federal court.").

19. This Petition is timely, as the Award was issued on June 17, 2024. Under the New York Convention, a motion to confirm a foreign arbitration award must be filed within three years after the award was made. 9 U.S.C. § 207.

### VII. THERE ARE NO GROUNDS FOR REFUSAL OR DEFERRAL OF RECOGNITION OR ENFORCEMENT OF AWARD

20. On a timely filed motion to confirm a foreign arbitral award, confirmation of the award is presumed under the New York Convention unless there are grounds for refusal or deferral of recognition or enforcement of the award. 9 U.S.C. § 207; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974)("The goal of the [New York] convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the

standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.").

21. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the New York Convention are generally summary in nature. *Belize Bank Ltd. v. Gov't of Belize*, 191 F. Supp. 3d 26, 35 (D.D.C. 2016).

22. The New York Convention provides that covered awards must be enforced, absent very specific and limited grounds. Section 207 provides that confirmation is mandatory "unless [the Court] finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Accordingly, United States courts have little discretion to refuse to confirm an award under the FAA.

23. The burden of proof is on the party defending against enforcement of the arbitral award under the New York Convention. *Belize Bank Ltd.*, 191 F. Supp. 3d at 35 (" '[T]he burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation,' and the 'showing required to avoid summary confirmation is high.' ") (internal citations omitted).

24. Pursuant to 9 U.S.C. § 207, Canfornav is therefore entitled to immediate confirmation, recognition and enforcement of the Award under the New York Convention and respectfully requests that the Court enter judgment against Sadot in the amount of the Award with compound interest as required by the Award.

## VIII.  **ATTACHMENTS**

26. In support of this motion to confirm, Canfornav includes documents in the attached Appendix, which are incorporated herein by reference.

27. Canfornav requests that the Court include the attached documents with its order confirming the Award.

### IX. CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth herein, Canfornav Inc. respectfully requests that the Court to issue an order:

1. Confirming the Award in favor of Petitioner Canfornav Inc. against Respondent Sadot Latam LLC.

2. Entering judgment in favor of Petitioner Canfornav Inc. against Respondent Sadot Latam LLC in accordance with the Award that:

    a. Sadot Latam LLC shall pay to Canfornav Inc., as damages, the sum of US$56,293.89 plus post judgment interest thereon at the rate of 5.5% per annum compounded at three monthly rests from March 5, 2024, until paid in full, which amounts to $59,184.46 as of February 5, 2025;

    b. Sadot Latam LLC shall pay the costs of the final award, in the amount of US $5,520.47 plus post judgment interest thereon at the rate of 5.5% per annum compounded at three monthly rests from June 17, 2024, until paid in full, which amounts to $5,704.77 as of February 5, 2025;

    c. Sadot Latam LLC shall pay Canfornav Inc.'s legal fees incurred in prosecuting the arbitration in the amount of $6,188.24 plus post judgment interest thereon at the rate of 5.5% per annum compounded at three monthly rests from June 17, 2024, until paid in full, which amounts to $6,394.30 as of February 5, 2025;

    c.    Sadot Latam LLC shall pay Canfornav Inc.'s legal fees incurred in filing this petition to confirm the Award and in further enforcement actions, amounting to US $10,000.

Canfornav Inc. asks the Court to include these amounts owed by Sadot Latam LLC on the face of the Final Judgment entered, to assist with enforcement efforts.

3.    Granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

By: */s/ Richard A. Branca*
    Richard A. Branca
    Texas State Bar No. 24067177
    richard.branca@roystonlaw.com
    ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
    1415 Louisiana Street, Suite 4200
    Houston, Texas 77002
    (713) 224-8380 Telephone
    (713) 225-9945 Facsimile

    John C. Lovell
    Texas State Bar No. 24134474
    jlovell@gallowaylawfirm.com
    GALLOWAY JOHNSON TOMPKINS BURR & SMITH
    14643 Dallas Parkway, Suite 635
    Dallas, Texas 75254
    (214) 545-6389 Telephone
    (214) 442-7973 Facsimile

    **ATTORNEYS FOR PETITIONER,**
    **CANFORNAV, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANFORNAV INC. | § | |
|     *Petitioner* | § | |
| v. | § | No. 3:25-mc-10 |
| SADOT LATAM LLC | § | |
|     *Respondent* | § | |

## VERIFICATION

THE STATE OF TEXAS §
COUNTY OF HARRIS §

1. My name is Richard A. Branca. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

2. I am a partner in the law firm of Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for petitioner Canfornav Inc.

3. I have read the foregoing Verified Petition to Confirm a Foreign Arbitration Award Award and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

4. I am authorized to make this Verification on behalf of Canfornav Inc.

*/s/ Richard A. Branca*
Richard A. Branca

SWORN TO AND SUBSCRIBED BEFORE ME on this 7th day of March 2025.

SYLVIA L. COOPER
My Notary ID # 2652944
Expires January 4, 2028

*/s/ Sylvia L. Cooper*
Notary Public, in and for the
State of Texas

67451:48542865